IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Laidi Reyes | and | |
| Carlos Roberto Reyes | and | |
| Victor Manuel Sanchez | | Case No. |
| Plaintiffs, | | |
| v. | | **COMPLAINT** |
| Tru by Mur, Inc. | and | PLAINTIFF DEMANDS |
| Igor Fazylov | | TRIAL BY JURY |

Plaintiffs, Laidi Reyes ("Plaintiff" or "Laidi") and Carlos Roberto Reyes ("Plaintiff" or "Carlos") and Victor Manuel Sanchez ("Plaintiff" or "Sanchez"), by and through their attorney, Daniel I. Schlade, complain against Tru by Mur, Inc. ("Defendant" or "Tru by Mur") and Igor Fazylov ("Defendant" or "Igor"). Tru by Mur and Igor may collectively be referred to as "Defendants".  In support of this Complaint, Plaintiffs' states:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as violations of the New York Labor Law, Section 190, *et. seq*. ("NYLL")

### Parties

2. Laidi is a resident of Queens; and she was employed by Tru by Mur and First Name Last Name.

3. Carlos is a resident of Queens; and he was employed by Tru by Mur and First Name Last Name.

4.      Victor is a resident of Queens; and he was employed by Tru by Mur and First Name Last Name.

5.       Tru by Mur is a business that is located, headquartered, and conducts business in Lawrence, New York.

6.      Igor is the owner and President Of Tru by Mur, and they are in charge of its employees.  On information and belief,  Igor  is a resident of Lawrence, New York.

7.      Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce.  Additionally, they have more than three employees.

## Jurisdiction And Venue

8.      The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

9.      Venue is proper in the Southern District of New York because all underlying facts and transactions occurred in or about Nassau County, New York.

## Facts Common To All Claims

10.      Tru by Mur  is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity in the State of New York.

11.      Igor  is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiffs' head "boss" at  Tru by Mur  ; (2) they had the power to

hire and fire the employees, including Plaintiffs; (3) they supervised and controlled Plaintiffs' work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime Wages In Violation of the FLSA)
### (Laidi Reyes v. Tru by Mur, Inc. and Igor Fazylov)

12. Plaintiff reincorporates by reference Paragraphs 1 through 11, as if set forth in full herein for Paragraph 12.

13. Plaintiff began working at Tru by Mur in or before August 2020 through August 17, 2022.

14. At all times, Plaintiff held the same position at Tru by Mur, Inc. , they were a dishwasher.  Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to wash dishes at a restaurant, perform ordering of goods for commercial resale, among other managerial task and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

15. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 55 hours per week.

16. Plaintiff was paid their wages on a(n) weekly basis.

17. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

18. Plaintiff's rate of pay was $15 per hour.

19. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

20. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

21. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA. Defendant knew or should have known that Plaintiff was entitled to time-and-a-half wages for hours worked in excess of 40 per week, and thus its conduct was willful.

22. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $12,150.00 in unpaid overtime wages; (ii) liquidated damages of $12,150.00 ; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Laidi's damages are attached as Exhibit A.

## SECOND CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages In Violation of the NYLL)**
**(Laidi Reyes v. Tru by Mur, Inc. and Igor Fazylov)**

23. Plaintiff incorporates by reference Paragraphs 1-21, as if set forth in full herein for this Paragraph 22.

24. This count arises from Defendants' violation of the NYLL, by: failing to pay Plaintiff New York mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of the NYLL.

25. Defendant's failure to pay Plaintiff the New York-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

26. Pursuant to the NYLL, Plaintiff is entitled to recover unpaid overtime wages for six (6) years prior to the filing of this suit, which amount totals $12,150.00.

27. In additional Defendants' violation of the NYLL was willful, and thus Plaintiff is entitled to recover liquidated damages pursuant to the NYLL totaling      .

## THIRD CLAIM FOR RELIEF
### (Failure to Issue Accurate Age Notices In Violation of the NYLL)
### (Laidi Reyes v. Tru by Mur, Inc. and Igor Fazylov)

28. Plaintiff incorporates by reference Paragraphs 1-26, as if set forth in full herein for this Paragraph 27.

29. NYLL §§ 195(1) and (2) require employers to issue accurate wage notices to employees at the time of their hiring or when any changes to the information required to appear on wage notices occurs.

30. During the six years preceding this Complaint, Plaintiff experienced material changes in their employment, including the rate of pay at which Plaintiff was compensated.

31. During the preceding six years, Defendants unlawfully failed to issue accurate wage notices to Plaintiff by failing to notify Plaintiff of their accurate rate of pay, including overtime pay.

32. Due to Defendants' NYLL violations, Plaintiff is entitled to $50 per day for every day accurate wage notices were not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Failure to Furnish Accurate Wage Statements/Paystubs)
### (Laidi Reyes v. Tru by Mur, Inc. and Igor Fazylov)

33. Plaintiff incorporates by reference Paragraphs 1-31, as if set forth in full herein for this Paragraph 32.

34. NYLL § 195(3) requires employers to furnish employees with accurate wage statements, i.e., pay stubs, that include accurate, inter alia, rate or rates of pay and basis thereof, and hours worked.

35. During the preceding six years, Defendants unlawfully failed to issue accurate wage statements to Plaintiff, including failing to include overtime pay in any such wage statements.

36.     Due to Defendants' NYLL violations, Plaintiff is each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**(Failure to Pay Wages In Violation of The NYLL)**
**(Laidi Reyes v. Tru by Mur, Inc. and Igor Fazylov)**

37.     Plaintiff incorporates by reference Paragraphs 1-35, as if set forth in full herein for this Paragraph 36.

38.     Plaintiff perform worked for Defendants during the following period(s): July 202022 through August 15, 2022(the "Unpaid Wage Period").

39.     Defendants failed to pay Plaintiff their full earned wages for the Unpaid Wage Period.

40.     Defendants owed Plaintiff $33,444.00 in unpaid wages for the Unpaid Wage Period and said wages have not been paid to date.

41.     Defendants have violated NYLL Section 191, and any other applicable NYLL provisions, by failing to pay Plaintiff their wages in an untimely manner.

42.     Defendants are liable to Plaintiff for the full amount of the unpaid wages totaling $730.00 , liquidated damages of $730.00 , prejudgment interest as required by the New York Civil Practice Law and Rules, and Plaintiff's attorney's fees and costs.

**WHEREFORE**, Plaintiff Laidi Reyes respectfully requests that the Court enter a judgment in their favor and against Defendants Tru by Mur, Inc. and Igor Fazylov, jointly and severally, for:

A.     An award for Defendant's violations of the FLSA in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $ 12,150.00 ;

B.     An award of liquidated damages for Defendant's willful violations of the FLSA in an amount equal to at least $ 12,150.00 ;

C.	An award for Defendant's violations of the NYLL and/or its regulations, totaling at least $ plus such pre-judgment and post-judgment interest as may be allowed by law;

D.	An award of liquidated damages for Defendant's willful violations of the NYLL in an amount equal to at least $ 12,150.00 .

E.	An award of $50 for each day that Defendants violated NYLL § 195(1) and/or (2), up to $5,000.00

F.	An award of $250 for each violation of of NYLL § 195(3) by Defendants, up to $5,000.00

G.	The full amount of any unpaid wages due to Plaintiffs totaling $730.00, liquidated damages of $ 730.00, prejudgment interest as required by the New York Civil Practice Law and Rules, and Plaintiff's attorney's fees and costs.

H.	A declaration that Defendants violated the FLSA;

I.	An award reasonable attorneys' fees and costs; and

J.	Any such additional or alternative relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages In Violation of the FLSA)**
**(Carlos Roberto Reyes v. Tru by Mur, Inc. and Igor Fazylov)**

43.	Plaintiff reincorporates by reference Paragraphs 1 through 41, as if set forth in full herein for Paragraph 42.

44.	Plaintiff began working at Tru by Mur, Inc. in or before August 2020 through August 17, 2022.

45.	At all times, Plaintiff held the same position at Tru by Mur, Inc., they were a dishwasher. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to wash dishes at a restaurant, among other managerial task and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

46. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 55 hours per week.

47. Plaintiff was paid their wages on a(n) weekly basis.

48. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

49. Plaintiff's rate of pay was $15 per hour.

50. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

51. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

52. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA. Defendant knew or should have known that Plaintiff was entitled to time-and-a-half wages for hours worked in excess of 40 per week, and thus its conduct was willful.

53. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $12,150.00 in unpaid overtime wages; (ii) liquidated damages of $ 12,150.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Carlos's damages are attached as Exhibit B.

## SEVENTH CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages In Violation of the NYLL)**
**(Carlos Roberto Reyes v. Tru by Mur, Inc. and Igor Fazylov)**

54. Plaintiff incorporates by reference Paragraphs 1-52, as if set forth in full herein for this Paragraph 53.

55. This count arises from Defendants' violation of the NYLL, by: failing to pay Plaintiff New York mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of the NYLL.

56. Defendant's failure to pay Plaintiff the New York-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

57. Pursuant to the NYLL, Plaintiff is entitled to recover unpaid overtime wages for six (6) years prior to the filing of this suit, which amount totals $12,150.00.

58. In additional Defendants' violation of the NYLL was willful, and thus Plaintiff is entitled to recover liquidated damages pursuant to the NYLL totaling     .

## EIGHTH CLAIM FOR RELIEF
**(Failure to Issue Accurate Age Notices In Violation of the NYLL)**
**(Carlos Roberto Reyes v. Tru by Mur, Inc. and Igor Fazylov)**

59. Plaintiff incorporates by reference Paragraphs 1-57, as if set forth in full herein for this Paragraph 58.

60. NYLL §§ 195(1) and (2) require employers to issue accurate wage notices to employees at the time of their hiring or when any changes to the information required to appear on wage notices occurs.

61. During the six years preceding this Complaint, Plaintiff experienced material changes in their employment, including the rate of pay at which Plaintiff was compensated.

62. During the preceding six years, Defendants unlawfully failed to issue accurate wage notices to Plaintiff by failing to notify Plaintiff of their accurate rate of pay, including overtime pay.

63. Due to Defendants' NYLL violations, Plaintiff is entitled to $50 per day for every day accurate wage notices were not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

### NINTH CLAIM FOR RELIEF
**(Failure to Furnish Accurate Wage Statements/Paystubs)**
**(Carlos Roberto Reyes v. Tru by Mur, Inc. and Igor Fazylov)**

64. Plaintiff incorporates by reference Paragraphs 1-61, as if set forth in full herein for this Paragraph 62.

65. NYLL § 195(3) requires employers to furnish employees with accurate wage statements, i.e., pay stubs, that include accurate, inter alia, rate or rates of pay and basis thereof, and hours worked.

66. During the preceding six years, Defendants unlawfully failed to issue accurate wage statements to Plaintiff, including failing to include overtime pay in any such wage statements.

67. Due to Defendants' NYLL violations, Plaintiff is each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

### TENTH CLAIM FOR RELIEF
**(Failure to Pay Wages In Violation of The NYLL)**
**(Carlos Roberto Reyes v. Tru by Mur, Inc. and Igor Fazylov)**

68. Plaintiff incorporates by reference Paragraphs 1-66, as if set forth in full herein for this Paragraph 67.

69. Plaintiff perform worked for Defendants during the following period(s): July 202022 through August 15, 2022 (the "Unpaid Wage Period").

70. Defendants failed to pay Plaintiff their full earned wages for the Unpaid Wage Period.

71. Defendants owed Plaintiff $730.00 in unpaid wages for the Unpaid Wage Period and said wages have not been paid to date.

72.     Defendants have violated NYLL Section 191, and any other applicable NYLL provisions, by failing to pay Plaintiff their wages in an untimely manner.

73.     Defendants are liable to Plaintiff for the full amount of the unpaid wages totaling $    , liquidated damages of $12,150.00, prejudgment interest as required by the New York Civil Practice Law and Rules, and Plaintiff's attorney's fees and costs.

**WHEREFORE**, Plaintiff Carlos Roberto Reyes  respectfully requests that the Court enter a judgment in their favor and against Defendants Tru by Mur, Inc. and  Igor Fazylov, jointly and severally, for:

A.      An award for Defendant's violations of the FLSA in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $ 12,150.00 ;

B.      An award of liquidated damages for Defendant's willful violations of the FLSA in an amount equal to at least $12,150.00 ;

C.      An award for Defendant's violations of the NYLL and/or its regulations, totaling at least $ plus such pre-judgment and post-judgment interest as may be allowed by law;

D.      An award of liquidated damages for Defendant's willful violations of the NYLL in an amount equal to at least $12,150.00 .

E.      An award of $50 for each day that Defendants violated NYLL § 195(1) and/or (2), up to $5,000.00

F.      An award of $250 for each violation of of NYLL § 195(3) by Defendants, up to $5,000.00

G.      The full amount of any unpaid wages due to Plaintiff totaling $ 730.00, liquidated damages of $730.00, prejudgment interest as required by the New York Civil Practice Law and Rules, and Plaintiff's attorney's fees and costs.

H.      A declaration that Defendants violated the FLSA;

I.      An award reasonable attorneys' fees and costs; and

J.      Any such additional or alternative relief as this Court deems just and proper.

## ELEVENTH CLAIM FOR RELIEF
**(Failure to Pay Overtime Wages In Violation of the FLSA)**
**(Victor Manuel Sanchez v. Tru by Mur, Inc. and Igor Fazylov)**

74.      Plaintiff reincorporates by reference Paragraphs 1 through 72, as if set forth in full herein for Paragraph 73.

75.      Plaintiff began working at Tru by Mur, Inc. in or before June 2018- May 2022.

76.      At all times, Plaintiff held the same position at Tru by Mur, Inc., he was a cook. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to prepare and cook food products at a restaurant, perform ordering of goods for commercial resale, among other managerial task and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

77.      Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 60 hours per week.

78.      Plaintiff was paid their wages on a(n) weekly basis.

79.      Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

80.      Plaintiff's rate of pay was $ 18 per hour from August 2020 through January 2021 then he was paid $22 per hour then $22 per hour from February 2022 through May 2022.

81. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

82. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

83. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA. Defendant knew or should have known that Plaintiff was entitled to time-and-a-half wages for hours worked in excess of 40 per week, and thus its conduct was willful.

84. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $21,864.00 in unpaid overtime wages; (ii) liquidated damages of $ 21,864.00 ; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Sanchez's damages are attached as Exhibit C.

**TWELFTH CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages In Violation of the NYLL)**
**(Victor Manuel Sanchez v. Tru by Mur, Inc. and Igor Fazylov)**

85. Plaintiff incorporates by reference Paragraphs 1-83, as if set forth in full herein for this Paragraph 84.

86. This count arises from Defendants' violation of the NYLL, by: failing to pay Plaintiff New York mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of the NYLL.

87. Defendant's failure to pay Plaintiff the New York-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

88. Pursuant to the NYLL, Plaintiff is entitled to recover unpaid overtime wages for six (6) years prior to the filing of this suit, which amount totals $21,864.00.

89. In additional Defendants' violation of the NYLL was willful, and thus Plaintiff is entitled to recover liquidated damages pursuant to the NYLL totaling     .

### THIRTEENTH CLAIM FOR RELIEF
**(Failure to Issue Accurate Age Notices In Violation of the NYLL)**
**(Victor Manuel Sanchez v. Tru by Mur, Inc. and Igor Fazylov)**

90. Plaintiff incorporates by reference Paragraphs 1-88, as if set forth in full herein for this Paragraph 89.

91. NYLL §§ 195(1) and (2) require employers to issue accurate wage notices to employees at the time of their hiring or when any changes to the information required to appear on wage notices occurs.

92. During the six years preceding this Complaint, Plaintiff experienced material changes in their employment, including the rate of pay at which Plaintiff was compensated.

93. During the preceding six years, Defendants unlawfully failed to issue accurate wage notices to Plaintiff by failing to notify Plaintiff of their accurate rate of pay, including overtime pay.

94. Due to Defendants' NYLL violations, Plaintiff is entitled to $50 per day for every day accurate wage notices were not provided, up to $5,000 per person, plus interest and attorneys' fees and costs.

### FOURTEENTH CLAIM FOR RELIEF
**(Failure to Furnish Accurate Wage Statements/Paystubs)**
**(Victor Manuel Sanchez v. Tru by Mur, Inc. and Igor Fazylov)**

95. Plaintiff incorporates by reference Paragraphs 1-93, as if set forth in full herein for this Paragraph 94.

96. NYLL § 195(3) requires employers to furnish employees with accurate wage statements, i.e., pay stubs, that include accurate, inter alia, rate or rates of pay and basis thereof, and hours worked.

97. During the preceding six years, Defendants unlawfully failed to issue accurate wage statements to Plaintiff, including failing to include overtime pay in any such wage statements.

98. Due to Defendants' NYLL violations, Plaintiff is each entitled to $250 per violation up to $5,000 per person, plus interest and attorneys' fees and costs.

### FIFTEENTH CLAIM FOR RELIEF
**(Failure to Pay Wages In Violation of The NYLL)**
**(Victor Manuel Sanchez v. Tru by Mur, Inc. and Igor Fazylov)**

99. Plaintiff incorporates by reference Paragraphs 1-97, as if set forth in full herein for this Paragraph 98.

100. Plaintiff perform worked for Defendants during the following period(s): April 2022 through May 2022 (the "Unpaid Wage Period").

101. Defendants failed to pay Plaintiff their full earned wages for the Unpaid Wage Period.

102. Defendants owed Plaintiff $21,864.00 in unpaid wages for the Unpaid Wage Period and said wages have not been paid to date.

103. Defendants have violated NYLL Section 191, and any other applicable NYLL provisions, by failing to pay Plaintiff their wages in an untimely manner.

104. Defendants are liable to Plaintiff for the full amount of the unpaid wages totaling $    , liquidated damages of $21,864.00, prejudgment interest as required by the New York Civil Practice Law and Rules, and Plaintiff's attorney's fees and costs.

**WHEREFORE**, Plaintiff Victor Manuel Sanchez respectfully requests that the Court enter a judgment in their favor and against Defendants Tru by Mur, Inc. and Igor Fazylov, jointly and severally, for:

A.      An award for Defendant's violations of the FLSA in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $ 21,864.00 ;

B.      An award of liquidated damages for Defendant's willful violations of the FLSA in an amount equal to at least $ 21,864.00 ;

C.      An award for Defendant's violations of the NYLL and/or its regulations, totaling at least $ plus such pre-judgment and post-judgment interest as may be allowed by law;

D.      An award of liquidated damages for Defendant's willful violations of the NYLL in an amount equal to at least $ 21,864.00 .

E.      An award of $50 for each day that Defendants violated NYLL § 195(1) and/or (2), up to $5,000.00

F.      An award of $250 for each violation of of NYLL § 195(3) by Defendants, up to $5,000.00

G.      The full amount of any unpaid wages due to Plaintiff totaling $ 21,864.00, liquidated damages of $ 21,864.00, prejudgment interest as required by the New York Civil Practice Law and Rules, and Plaintiff's attorney's fees and costs.

H.      A declaration that Defendants violated the FLSA;

I.      An award reasonable attorneys' fees and costs; and

J.      Any such additional or alternative relief as this Court deems just and proper.

                                      s/Daniel I. Schlade
                                      Attorney For Plaintiff

Daniel I. Schlade (Reg. No. 5916697)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646

773-550-3775
Email: dschlade@justicialaboral.com
       danschlade@gmail.com

**<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>**