UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Laidi Reyes                    and
Carlos Roberto Reyes           and
Victor Manuel Sanchez,

                  Plaintiffs,

-against-

Tru by Mur, Inc.               and
Igor Fazylov,

                  Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/16/2023
```

22 Civ. 8599 (AT) (SLC)

**TRANSFER ORDER
TO THE EASTERN
<u>DISTRICT OF NEW YORK</u>**

ANALISA TORRES, District Judge:

       On October 10, 2022, Plaintiffs Laidi Reyes, Carlos Roberto Reyes, and Victor Manuel Sanchez commenced this action against Defendants Tru by Mur, Inc. and Igor Fazylov in the Southern District of New York, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Section 190, *et. seq.* *See* ECF Nos. 1, 4. On March 7, 2023, Plaintiffs' counsel filed a letter addressed to the Honorable Sarah L. Cave, informing her that, during mediation, Plaintiffs discovered that the "underlying facts took place in Nassau County," and that Plaintiffs intend to seek leave to amend their complaint to add additional parties, all of whom reside in the Eastern District of New York. ECF No. 28. On March 8, 2023, Plaintiffs filed a second letter addressed to the undersigned, conveying substantially the same information. ECF No. 30. On the same day, Judge Cave issued an order directing the parties to file a joint letter motion requesting transfer to the United States District Court for the Eastern District of New York by March 15, 2023, and holding in abeyance the scheduling of a settlement conference until the Court rules on that motion. ECF No. 29. In Plaintiffs' letters, they indicate that "the case should have been filed in the Eastern District of New York" and "should likely be transferred to the Eastern District," ECF No. 28, and that Defendants' position is that, since the defendants Plaintiffs intend to add in their amended complaint reside in the Eastern District, the case should be transferred. ECF No. 30.

       Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." And, even where venue may be proper, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

       In determining whether transfer is appropriate, courts consider: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the

forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; (9) trial efficiency; and (10) the interests of justice, based on the totality of the circumstances. *See Keitt v. New York City*, 882 F. Supp. 2d 412, 458–59 (S.D.N.Y. 2011); *N.Y. Marine & Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010).

      Transfer is appropriate in this case. The parties have jointly requested a transfer to the Eastern District, suggesting that a transfer is in the convenience of all parties. Plaintiffs' claims arise from their employment at Defendant Tru by Mur, a restaurant located in Lawrence, New York, in Nassau County, in the Eastern District of New York. Compl. ¶¶ 5, 12–73, ECF No. 4. Thus, the locus of operative facts is in the Eastern District, *see also* ECF No. 28, and any relevant witnesses, documents, and sources of proof are likely also in the Eastern District. The remaining factors to be considered in a decision to transfer, *see Keitt*, 882 F. Supp. 2d at 458–59, are not at issue here. Finally, Defendants are residents of the Eastern District, Compl. ¶¶ 5–6; ECF Nos. 28, 30, making venue proper under 28 U.S.C. § 1391(b). Therefore, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York.

      The Clerk of Court is directed to transfer this action to the Eastern District of New York.

      SO ORDERED.

Dated: March 16, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge